**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | Criminal No. JFM-10-0322 |
| v. | * | Civil No. – JFM-12-2904 |
| | * | |
| CURTIS CONNOR | * | |
| | ****** | |

## MEMORANDUM

Curtis Connor has filed this action under 28 U.S.C. § 2255. He alleges that his counsel was ineffective because counsel never advised him that he was eligible for the "safety valve" provision of 18 U.S.C. § 3553(f) and Sentencing Guideline U.S.G. § 5C1.2. He contends that he was eligible for the safety valve because he was not an "organizer, leader, manager, or supervisor" of others who committed the offense to which he pled guilty.

Connor's motion will be denied. In his petition he affirmatively states that he was not an organizer, leader, manager, or supervisor. However, Connor (who is represented by extremely able counsel) did not support this statement by an affidavit. Moreover, although the Government pointed out the absence of an affidavit in its response, Connor submitted no affidavit with his reply memorandum. Therefore, as the record stands, there is no evidence that Connor was not an organizer, leader, manager, or supervisor. Therefore, there is no basis for finding that his counsel's failure to advise him that he otherwise was eligible for safety valve status was at all material.[1]

---

[1] Connor points out that the Government did not move for a role enhancement under the Guidelines. However, there was no obligation upon the Government to seek such a role enhancement, particularly because Connor received the 120 month statutory minimum sentence.

1

A separate order denying Connor's motion is being entered herewith.

Date: May 17, 2013                    ___/s/_____
                                      J. Frederick Motz
                                      United States District Judge